UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

FREDY RENAN NAJERA MONTOYA,

Defendant.

**ORDER**

15 Cr. 378 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On December 10, 2018, Defendant Fredy Renan Najera Montoya pled guilty to participating in a cocaine importation conspiracy, and to using, carrying, and possessing a machine gun in connection with that conspiracy. Defendant has moved to withdraw his guilty plea claiming, inter alia, that he received ineffective assistance of counsel. According to Montoya, his former attorney – Victor E. Rocha – (1) did not disclose two significant conflicts of interest; (2) did not properly investigate Montoya's case and prepare an appropriate defense; and (3) instructed Montoya to lie at his guilty plea allocution.

In order to address Montoya's motion, it will be necessary for this Court to hear from his former lawyer, Victor E. Rocha, with respect to Montoya's allegations. In seeking to withdraw his guilty plea based on alleged ineffective assistance of counsel, Montoya has waived the attorney-client privilege as a matter of law to the extent that his arguments rely on advice from or communications with Rocha. See Giordano v. United States, No. 3:11cv9 (MRK), 2011 WL 1831578, at *2 (D. Conn. Mar. 17, 2011) (a party "who asserts a claim of ineffective assistance of counsel by his or her former lawyer implicitly waives the protection of the attorney-client privilege as to that aspect of the former lawyer's representation for which the prisoner claims ineffective representation" (citing United States v. Pinson, 584 F.3d 971, 977-78 (10th Cir.

2009); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001); United States v. Marks, 764 F. Supp. 2d 585, 587 (W.D.N.Y. 2011)); see also United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.") Absent a court order or informed consent, however, ethical concerns may inhibit a lawyer from disclosing confidential information relating to a prior client. See, e.g., ABA Standing Comm. On Ethics and Prof. Responsibility Formal Op. 10-456 (June 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim.

Accordingly, Defendant Montoya is hereby ORDERED to execute the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. Defendant is further ORDERED to set forth all of his allegations concerning Rocha's conduct in the form of an affidavit. Both the waiver form and the affidavit must be submitted to the Court no later than **October 3, 2019**.

Dated: New York, New York
September 10, 2019

SO ORDERED.

Paul G. Gardephe
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

FREDY RENAN NAJERA MONTOYA,

Defendant.

15 Cr. 378 (PGG)

## ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)

To: FREDY RENAN NAJERA MONTOYA

      You have made a motion to withdraw your guilty plea on the ground that you received ineffective assistance from your former lawyer, Victor E. Rocha (referred to below as "your former attorney"). The Court has determined that testimony from your former attorney will be necessary in order to evaluate your motion.

      In making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent you rely on advice from or communications with your former attorney in making your claim. To the extent that you rely on communications with your former attorney in arguing that you received ineffective assistance of counsel, you cannot keep these communications between yourself and your former attorney a secret – you must allow these communications to be disclosed to the Government and to the Court pursuant to a court order. This Informed Consent form is designed to ensure that you fully understand the consequences of pursuing your ineffective assistance claim and agree to waive the attorney-client privilege as it applies to your communications with your former attorney.

      If you wish to proceed with your motion to withdraw your guilty plea, you must sign this form and return it to the Court in the attached envelope (keeping a copy for your records). The executed form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      If you sign this authorization, there is the possibility that your former attorney might contradict your statements about his representation of you. However, you should also be aware that the Court will deny your motion – to the extent it is based on advice from or communications with your former attorney – if you do not authorize your former attorney to provide any testimony ordered by the Court.

You must return this form, signed by you and notarized, no later than **October 3, 2019**. If the Court does not receive this form, signed by you and notarized, within that time, the Court will deny your motion to the extent that it is based on advice from and communications with your former attorney.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated September 10, 2019 and this document entitled Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Victor Rocha, to comply with any court order requiring him to give testimony related to my motion to withdraw my guilty plea on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public