*Law Office Of*

**Joaquin Perez**

6780 Coral Way • Miami, Florida 33155
Phone (305) 261-4000 • Fax (305) 662-4067
*jplaw1@bellsouth.net*

(Also admitted in Massachusetts and Rhode Island)

<u>Via ECF</u>

October 2, 2019

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    *United States v. Fredy Renan Najera Montoya*
            15-cr-378 (PGG-1)

Dear Judge Gardephe:

In compliance with this Court's Order dated September 10, 2018, enclosed please find Fredy Najera Montoya's duly executed affidavit in support of the Motion to Withdraw the Guilty Plea (Exhibit A), together with the waiver of the attorney client privilege regarding any advice from, or communication with, attorney Rocha. (Exhibit B). By a different cover, Mr. Najera will address the Court's question regarding how Mr. Rocha's prior representation of Mr. Matta Waldurraga impacted his representation of Mr. Najera. (T. Aug 2, 2019 17, L11-18.) More specifically, Mr. Najera will explain the plausible strategy that Mr. Rocha neglected to pursue due to his representation of Mr. Matta Waldurraga. He will also demonstrate how attorney Rocha failed to investigate and prepare an appropriate defense.

**Reply to Government's letter dated September 9, 2019 (D.E. 120)**

The prosecutors go to great lengths to explain why in preparing for "complicated and important trials", Mr. Najera's rights should be ignored. The government first argues that it will be prejudiced in that the defendant has had almost a year or perhaps longer to prepare a defense based on early access to all the government's evidence, "including 3500 materials" (See D.E. 120, 3, 34-40). Secondly, it claims that additional time will provide the defendant and his associate in

1

Honduras "additional time [and an] opportunity to intimidate, threaten or harm witnesses." Finally, it claims that a critical witness has been expelled from the United States and is no longer available as a witness.

All of these arguments ignore Mr. Najera's right to be represented by a non-conflicted attorney in a fair trial.  Precisely because the defendant had reviewed discovery in this case, he is now in a position to challenge the government's accusations and undermine the credibility of key witnesses. Moreover, for the last year and a half the government has been suggesting that Mr. Najera will intimidate, threaten or harm witnesses' families - a claim unsupported by actions during the course of the last 18 months.  The government has relied upon this red herring to improperly persuade the Court to secrete information which is otherwise relevant to the case. SDNY prosecutors have been perfectly capable (including with clients represented by the undersigned) of paroling witnesses into the United States to meet and testify at trials.  The suggestion that they have lost access to this critical witness is meritless, as this Honduran ex-police officer is easily located and would be delighted to travel to New York at the Government's expense. [1]

Finally, this investigation was permeated by the systematic concealment of exculpatory evidence which would have directly corroborated Mr. Najera's defense and seriously damaged the credibility and testimony of the government's key witnesses - particularly as it pertains to the assassination of General Aristides Gonzalez.[2] The prosecutors failed to reveal, supervise, or review

---

[1] While claiming to have a monopoly on virtue and accusing the undersigned of bad faith, they should be mindful that pursuant Fed. R. Evid. 408 offers of compromise are inadmissible both at trial and to support a claim in a pleading.  Public policy requires that there be a free exchange of information between attorneys without fear that such discussions would be made public or used as evidence.  *Alpex Computer Corp. v. Nintendo Co., Ltd.*, 770 F.Supp. 161 (1991); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820 (1992); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997);

[2] The Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.  Thereafter the Court held that such disclosure is mandatory regardless of whether a defendant

2

information, including; Honduran police reports, witnesses, and other news reports that indicated that actors other than Mr. Najera were involved in General Gonzalez's assassination. Favorable evidence was concealed from Mr. Najera which would have directly corroborated his defense and significantly impeached the credibility of Devis Rivera Maradiaga, the government's key witness. As a direct consequence, exculpatory information about the government's key witness was concealed from the defense, or at the very least no effort was made to allow it to go uncorrected. *Napue v. Illinois,* 360 US 264, 269 (1959); *United States v. Kohring* 637 F. 3rd 895 (9th Cir. 2011). The government has failed to advise the Court of action taken to corroborate the allegations made by Mr. Rivera Maradiaga that Mr. Najera was involved in General Gonzalez's murder. See December 8, 2018 letter (D.E .79).[3]

Finally, the undersigned has discussed with Mr. Najera the prosecutors' inability to participate in a rescheduled trial prior to October 2020. Mr. Najera has authorized the undersigned to represent to the court that he is willing to waive his rights under the Speedy Trial Act in order to have his day in court represented by a un-conflicted attorney.

Respectfully submitted,

/s/ *Joaquin Perez*
JOAQUIN PEREZ, ESQ.
NYB: 52376532
6790 Coral Way
Miami, Florida 33155
Tel: (305) 261-4000
jplaw1@bellsouth.net

cc: Emil J. Bove, III, AUSA
Matthew Laroche, AUSA

---

requests it. *United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 49L.Ed.342 (1976), and that impeachment evidence must also be disclosed, *see Bagley,* 473, U.S. at 676; *Giglio,* 405 U.S. at 154

[3] In *Napue v. Illinois*, 360 U.S. 264,269 (1959), The Supreme Court held that a prosecutor may not knowingly use false testimony, including testimony that **relates only to the credibility of the witness, to obtain a conviction, or allow such testimony to go uncorroborated.** (*Emphasis Added*.)