*Law Office Of*
**Joaquin Perez**
6780 Coral Way • Miami, Florida 33155
Phone (305) 261-4000 • Fax (305) 662-4067
*jplaw1@bellsouth.net*
(Also admitted in Massachusetts and Rhode Island)

**Via ECF**

November 23, 2020

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    *United States v. Fredy Renan Najera Montoya*
                15-cr-378 (PGG-1)

Dear Judge Gardephe:

      By letter motion dated November 2, 2020, (D.E. 151) Mr. Najera raised specific Brady violations by the government. On November 4, 2020, the government filed a reply glossing over the concerns raised and suggested that no "further action" was required. (D.E. 153). This simplistic conclusion raises the same concerns about SDNY prosecutors' noncompliance with their *Brady/Giglio* obligations as found by the Honorable Judge Allison J. Nathan. *United States v. Ali Sadr Hashemi Nejad*, 18-cr-224 (AJN). "It is fundamental that *Brady/Giglio* information must be turned over in sufficient time for the defendant to effectively make use of it. See *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001). The DOJ Manual directs AUSA's that "exculpatory and impeachment information that casts doubt upon proof of an aggravating factor at sentencing" must be disclosed "no later than the court's initial pre-sentence investigation." U.S.A.M §9-5.001(D)(3) (2018).

      It is the government's duty to actively seek *Brady/Giglio* material in its files and in the files of related agencies reasonably expected to have possession of such information. *Kyles v. Whitely*, 514 U.S. 419, 438 (1995). The Supreme Court has cautioned the government not to "tack too close to the wind" in complying with its Brady/Giglio obligations. *Kyles*, 514 U.S. at 439, because prosecutors are representatives of the government whose interest in a criminal prosecution is "not that it shall win a case, but that justice shall be done," *Id.* (internal quotation omitted).

      The government's reply misrepresents two significant facts. First, the New York Times' report was based upon a Honduran Police Intel investigation prepared in 2003 that presented overwhelming evidence of Mr. Blanco's sole involvement in the assassination. Thus, the government made no effort to search for evidence that contradicted its claim. See government's

letter dated November 4, 2020 Page 3 ¶ 2. Second, the 3500 materials provided in 2018 does not contain 'multiple references' to Wilter Blanco's participation in acts of violence. See government's letter dated November 4, 2020 Page 2 ¶ 3. These misrepresentations are significant and there is a reasonable probability that timely disclosure of the information would have produced a different outcome in the proceeding. *United States v. Coppa*, 267 F.3d 132 (2nd. Cir. 2001).

In this light of prior misrepresentations, Mr. Najera is compelled to object to the representations made in ¶ 23 of the Pre-sentence Investigation Report, and challenges the government's attempt to denigrate Mr. Najera's acceptance of responsibility by suggesting that:

i) Mr. Najera raised false complaints about his attorney, Mr. Rocha,

ii) The undersigned counsel delayed the case long enough so that one of the government's witnesses had to be sentenced and removed from the country, and

iii) Mr. Najera presented blatant lies regarding his purported innocence and threats allegedly made to another witness (*i.e.,* Devis Leonel Rivera Maradiaga) (PSIR ¶ 23).

This position ignores the history of the case and appears to be solely designed to paint Najera in a bad light in an effort to impact sentencing factors, such as acceptance of responsibility. U.S.S.G 3E1.1 App Note 4 and 18 U.S.C. 3553(a)(1)

Mr. Najera is therefore requesting a remote evidentiary hearing as to both the Brady violation, and issues raised in the objections to the Pre-Sentence Investigation Report.

Respectfully submitted,

/s/ *Joaquin Perez*          /
JOAQUIN PEREZ, ESQ.
NYB: 52376532
6790 Coral Way
Miami, Florida 33155
Tel. (305) 261- 4000
jplaw1@bellsouth.net

cc:   Matthew J. Laroche, AUSA
      Emil J. Bove, III, AUSA
      (Via ECF)