Law Offices of Joaquin Perez

6790 Coral Way, Miami, Florida  33155 (305) 261-4000 jplaw1@bellsouth.net

___

<u>Via ECF</u>

October 6, 2021

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    *United States of America v. Fredy*
           15-cr-378 (PGG-1)

By October 12, 2021, the Government will respond to Defendant's October 6, 2021 letter.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

Dated: October 7, 2021

Dear Judge Gardephe,

Enclosed is Najera's *Request for Sanctions for Brady Violations.*[1]

The Government has knowingly or with reckless disregard for the truth asserted that Mr. Najera was convicted by the Honduran Supreme Court in the 2012 murder of Claudio Rigoberto Mendez. *See*, Presentence Investigation Report ("PSR"), Dkt. 170 at ¶¶'s 79.   A cursory review of the judicial records reveals that this assertion is false.  The Honduran Supreme Court remanded the case for a new trial. A simple cannon of jurisprudence is that Mr. Najera is innocent of this charge until found guilty by a competent authority.  *See*, Expert Opinion of Dr. Luis Adolfo Cruz Rivera, Procedural Notes at ¶¶'s 6 and 9.  Until such time, Mr. Najera is cloaked with the presumption of innocence.  In failing to respond to the probation department's request for clarification of this matter, the government has effectively perpetuated a falsehood that leads the Court at sentencing to rely on a material misrepresentation of a purported fact.

On July 9, 2021, this Court ordered the probation department to prepare an addendum to the PSR addressing, among other issues, Mr. Najera's objection to the homicide conviction. (Dkt. 167)  In lieu of responding to the probation department's request for clarification, the government simply ignored it.  *See,* 3rd Addendum to the Presentence Investigation Report, Dkt. 170 at 34 **("[t]he government has not responded to our request for clarification"**).  The failure to investigate and correct the accuracy of this purported conviction is a *Brady* violation requiring the imposition of sanctions.  *See*, Federal Rule of Criminal Procedure 5(f)(1).

The DOJ Manual directs AUSA's to disclose "exculpatory and impeachment information that casts doubt upon proof of an aggravating factor at sentencing" "no later than the court's initial pre-sentence investigation."  U.S.A.M §9-5.001(D)(3) (2018); *see also*, Due Process Protection Act,

___

[1] Defendant is filing an Expert Opinion pursuant to Rule 16 (b)(1)(C) in a separate pleading.

P.L 116-182 (September 21, 2021).  Here, simply checking with judicial authorities in Honduras (including the US Embassy's Legal Attaché) would have cast doubt on the government's claim.[2]

The correction of this falsehood in the PSR is relevant to two different factors under 18 U.S.C. 3553(a).  With respect to the nature of the offense, the alleged conduct would have unfairly cast him as a convicted murder.  Regarding his personal characteristics, the pendency of the proceeding before a lower court would have exempted him from extradition until the case was concluded or a potential sentence served.  His decision to self-surrender demonstrates an acknowledgement of responsibility, a mitigating factor this Court may consider at sentencing.

Accordingly, Mr. Najera respectfully requests that this Court, pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, strike the government's material and misleading misrepresentations found at PSR paragraph 79 as it improperly imputes conduct that should not be considered by the Court, and further, prays for any other sanctions the Court deems appropriate.

Respectfully submitted,

/s/ Joaquin Perez         /

JOAQUIN PEREZ, ESQ.
NYB: 52376532
6790 Coral Way
Miami, Florida 33155
Tel: (305) 261-4000
jplaw1@bellsouth.net

cc:   Emil Joseph Bove III, AUSA
      Jason Andrew Richman, AUSA
      (Via ECF)

---

[2] What makes this conduct more egregious is the government's prior representation to this Court that it "**did not intend to argue at any point in the proceedings, including at sentencing** of the defendant should he be convicted, that the defendant was present at the scene where Mendez was murdered."  See, Government's Opposition to Rule 15 Depositions, Dkt. 23, 18.3-7).