

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 30, 2022

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. Fredy Renan Najera Montoya</u>, S1 15 Cr. 378 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in advance of defendant Fredy Najera's sentencing scheduled for July 29, 2022 and in brief response to his submission, filed on June 23, 2022, following the *Fatico* hearing in this case. (Dkt. 214).

      In his June 23 submission, Najera mischaracterizes the testimony of the cooperating witness ("CW-1") who testified at the *Fatico* hearing, pointing to purported inconsistencies that do not in fact undermine CW-1's credibility and which are immaterial to the disputed issues in Najera's Presentence Investigation Report. (*Id.* at 4-5). In its post-hearing submission, the Government detailed CW-1's testimony and discussed why it was credible and reliable (*see* dkt. 212 at 3-9), and the Government will be prepared to argue the same at Najera's sentencing. The Government's post-hearing submission also detailed why the Court should reject Najera's claim, advanced again in his recent submission, that CW-1 gave an allegedly "evasive response" at the *Fatico* hearing when CW-1 testified that he was not required to testify at the *Fatico* hearing by the terms of his cooperation agreement. CW-1, however, had already served his term of imprisonment at the time of the *Fatico* hearing and was under no obligation to testify pursuant to his cooperation agreement. (Dkt. 212 at 2, n. 1). CW-1's decision to testify voluntarily does not make his testimony any less credible, and his testimony on that issue was truthful and accurate.

      Najera further argues, for the first time in these proceedings, that he should not receive a sentence of life imprisonment in light of the sentence that CW-1 originally received in the Eastern District of Virginia and because, like CW-1, he self-surrendered and purportedly cooperated with the Government. Najera—a Honduran congressman who employed a private army of approximately 100 heavily-armed men and who abused his position of power to enlist individuals like CW-1 to help him traffic drugs—is far more culpable than CW-1. Moreover, Najera's assertion that he is similarly situated to CW-1 because he, too, purportedly cooperated with the Government is a gross misrepresentation. Najera participated in two proffers in March and May

Hon. Paul G. Gardephe
June 30, 2022

2018 with the Government. Najera did not receive a cooperation agreement, did not testify on behalf of the Government, and did not provide any assistance, let alone substantial assistance. Najera's participation in two proffers is not at all analogous to CW-1's successful cooperation.

      For all of the reasons detailed in the Government's post-hearing submissions (dkts. 209, 212) and sentencing submission (dkt. 156), the Court should reject Najera's objections to the Presentence Investigation Report and impose a sentence of life imprisonment.

                                                   Respectfully submitted,

                                                   DAMIAN WILLIAMS
                                                   United States Attorney

By:      /s/
                                                   Jacob Gutwillig
                                                   Jason A. Richman
                                                   Elinor L. Tarlow
                                                   Assistant United States Attorneys

cc:      Defense Counsel (Via ECF)